691 F.2d 504
 82-2 USTC P 9553
 Unpublished Disposition
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
Loyal W. Leitgen and Barbara Leitgen, Appellants
v.
Commissioner of Internal Revenue, Appellee.
 No. 82-1100.
 United States Court of Appeals, Eighth Circuit.
 Aug. 20, 1982.
 
 Before BRIGHT, McMILLIAN and JOHN R. GIBSON, Circuit Judges.
 
 PER CURIAM
 
 1
 Taxpayers Loyal and Barbara Leitgen appeal the decision of the tax court upholding the Commissioner's assessment of deficiencies for the years 1973, 1974, and 1975 in the amounts of $4,781.58, $567.65, and $1,091.00, respectively.
 
 
 2
 The sole issue is whether the taxpayers had a net operating loss for 1972 which they were entitled to carry forward to 1973, 1974, and 1975. The tax court[1] found that the taxpayers had failed to establish either the amount of the loss or that they were entitled to a carryover. We affirm.
 
 
 3
 The Leitgens resided overseas from 1964 to 1970, and Mr. Leitgen resided in Malaysia from April, 1970 to January, 1972. After the Malaysian government nationalized his company in late 1971, Mr. Leitgen returned to the United States and set up a small trading company under the name Atlantic East Company.
 
 
 4
 The Leitgens timely filed a 1969 return showing a tax liability of $692.48. They lost their copy of the return in a flood in Malaysia, and the Commissioner has destroyed the original return. In May, 1972, the taxpayers filed joint returns for 1970 and 1971 in which they reported adjusted gross income of $3,505.89 and zero, respectively.
 
 
 5
 In an amended return for 1972, the taxpayers showed a net operating loss of $21,821.26. This loss was based on travel expenses, business office expenses, and itemized deductions. The taxpayers did not carry any of this loss back, but instead carried it over to the years 1973, 1974, and 1975.
 
 
 6
 In the tax court, the Leitgens argued that the Commissioner was barred from challenging the amount of the 1972 loss because the statute of limitations had run for that year. They also argued that Sec. 172 of the Internal Revenue Code, which requires that a net operating loss be carried back three years before it can be carried forward,[2] did not apply in their case because they were foreign residents during the three years preceding their loss. The district court rejected both contentions, and found that taxpayers had failed to substantiate the amount of the 1972 loss, and that they had failed to establish that the loss could not have been applied to the years 1969, 1970, and 1971.
 
 
 7
 On appeal, the taxpayers again assert that the Commissioner should be prevented from challenging the amount of the 1972 loss. They also claim that they were misled by a 1979 letter sent to them by a district counsel of the I.R.S. The letter stated that there was "no dispute as to ... your 1972 loss." The taxpayers claim that they thought this language meant that they would not need to present proof of the loss at trial. Accordingly, the taxpayers request either an order directing the tax court to enter judgment in their favor, or a remand for a new trial in which they can have the opportunity to present evidence on the 1972 loss.
 
 
 8
 We agree with the tax court that the Commissioner is not barred from challenging the amount of the 1972 loss. The statute of limitations prevents reassessment of taxes owed for barred years, but not recomputation of barred years for the purpose of calculation of taxes owed for open years. ABKCO Industries, Inc. v. Commissioner, 56 T.C. 1083, 1089 (1971), aff'd on other grounds, 482 F.2d 150 (3d Cir.1973); Petersen v. Commissioner, T.C.Memo 1971-21 (1971).
 
 
 9
 In the tax court, the taxpayers failed to raise any issue regarding the November, 1979 letter, and thus this issue is not properly preserved for appeal. In any event, we find that the claim is without merit. Although we do not condone the I.R.S. for changing viewpoints on the same case, we think it is clear that the taxpayers were aware that they would be required to present evidence concerning the 1972 loss. At trial, Mr. Leitgen admitted that government counsel informed him on September 2, 1980 that substantiation of the loss would be required. The trial was on October 3, 1980. Furthermore, Mr. Leitgen signed a stipulation of facts which provided, inter alia, that on January 17, 1980 he was informed that the Commissioner was not conceding the amount of the loss.
 
 
 10
 No other issues have been raised on appeal, and accordingly the judgment of the tax court is affirmed.[3]
 
 
 
 [1]
 The Honorable Cynthia A. Hall, United States Tax Court Judge
 
 
 [2]
 Section 172(b)(3)(C) of the Internal Revenue Code provides that a taxpayer may elect to relinquish the carryback for a loss incurred in a taxable year ending after December 31, 1975. This section is not applicable here
 
 
 [3]
 The Leitgens have not contended on appeal that they produced sufficient evidence to substantiate the amount of the 1972 loss. However, since they are not represented by counsel, we have considered this issue. The only evidence presented was the return for 1972, and Mr. Leitgen's testimony. A return is insufficient evidence to establish a net operating loss. Barr v. Commissioner [CCH Dec. 36,714(M) ], T.C.Memo 1980-3. Mr. Leitgen's testimony was brief and non-specific. Accordingly, the tax court correctly held that the Leitgens had failed to prove the amount of the 1972 loss